## STATE OF OREGON,
*Respondent,*

*v.*

## DENNIS R. BROOKS,
*Appellant.*

(88C-22071; CA A60176)

798 P2d 258

Peter Gartlan, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals his conviction for escape in the second degree. ORS 162.155. He argues that he was the object of selective prosecution and that the trial court erred in denying his motion to dismiss the indictment. We affirm.

Defendant was an inmate at the OSCI Farm Annex, a minimum security facility. Inmates at the Annex are not constantly monitored. Work crew leaders check on inmates periodically, and sign-out records of who enters and leaves the buildings are kept. The perimeter of the Annex is guarded by a roving patrol. On April 7, 1988, defendant signed out to the recreation yard. Shortly thereafter, Corrections Officer Connerly, who was patrolling the perimeter of the Annex, saw him and another inmate get into a car and leave the grounds. Connerly's patrol truck was not equipped with flashing lights or a siren. He followed them, however, and got close enough to record the license number, but he did not attempt to stop them. After one of the inmates noticed Connerly following them, they successfully evaded him.

Defendant argues that he was the object of selective prosecution. He contends that most of the escape cases similar to his are not prosecuted[1] and that, by prosecuting him, the district attorney violated his own written policies. Defendant contends that that resulted in unequal or *ad hoc* prosecution in violation of the Equal Protection Clause of the Fourteenth Amendment and Article I, section 20, of the Oregon Constitution.[2]

Section 20 protects against unjustified differentiation among classes of citizens, as well as unjustified denial of equal privileges or immunities to individual citizens. *State v.*

---

[1] Defendant presented evidence that, of 58 escapes, 19 were referred for prosecution and only five, including his, were prosecuted.

[2] US Const, Amend XIV provides:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws."

Or Const, Art I, § 20, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

*Clark,* 291 Or 231, 237, 630 P2d 810, *cert den* 454 US 1084 (1981). Assuming, but not deciding, that a decision whether or not to prosecute could be subject to the Equal Protection Clauses of the state and federal constitutions, we conclude that the prosecution in this case did not violate defendant's rights.[3] *See State v. Farrar,* 309 Or 132 (1990); *State v. Clark, supra,* 291 Or at 243.

■ Defendant does not contend that his prosecution was due to an impermissible classification. He argues that his privileges as an individual were impermissibly denied. In determining, under section 20, whether the government has made or applied a law so as to impermissibly grant or deny privileges or immunities to an individual, "the appropriate inquiry is whether the difference in treatment was merely 'haphazard,' *i.e.,* without any attempt to strive for consistency among similar cases." *State v. Farrar, supra,* 309 Or at 140; *State v. Buchholz,* 309 Or 442, 788 P2d 998 (1990).

■ Defendant acknowledges that the district attorney did have policies for the prosecution of escape cases, but argues that his case did not come within them. They provide:

"(1) Inmates that escape while under direct, immediate supervision, such as work details or on social passes, are prosecuted; and

"(2) Inmates that escape over, through or under manmade barriers, such as doors, window and walls, whether these barriers are locked or not, are prosecuted; and

"(3) Inmates that use force or weapons in the course of escapes are prosecuted."

The district attorney explained that defendant's case was prosecuted under subsection (1) of the policy, because he was under direct supervision at the time of his escape. The subsection mentions two specific examples of direct supervision; however, they are not exclusive. The district attorney could reasonably include close observation and pursuit as direct supervision.

---

[3] Article I, section 20, and the Equal Protection Clause of the Fourteenth Amendment are so similar that compliance with section 20, usually satisfies the Fourteenth Amendment. *State v. Freeland,* 295 Or 367, 370, 667 P2d 509 (1983). In his brief, defendant acknowledges that the two clauses' protections coincide in this instance and makes no specific arguments relating to the Fourteenth Amendment. We hold that the prosecution here did not violate the Fourteenth Amendment.

Defendant also argues that his prosecution was haphazard, pointing to several cases where escapes from the Annex were not prosecuted, even though the inmates were seen while escaping.[4] However, the district attorney offered a clear, rational, consistent and sufficient justification for treating defendant differently from other escapees who had walked away from the facility. Defendant evaded a guard who had observed and pursued him. The trial court did not err in denying the motion to dismiss.

Affirmed.

---

[4] The record shows that, in 1988, there were five such escapes; four were referred to the district attorney's office for prosecution, but no action was taken; in the fifth, action was taken, but the case dismissed. Details of the cases and the reasons for the treatment of the particular cases are not in the record.