9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis Richard BROOKS, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Respondent-Appellee.
 No. 93-35328.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1993.*
Decided Nov. 10, 1993.
 
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Brooks appeals the district court's denial of his habeas corpus petition. Brooks argues that the district attorney's decision to prosecute him for escape was arbitrary and did not treat him equally to others similarly situated, and thus violated Brooks' due process and equal protection rights.
 
 
 3
 Brooks does not contend that the decision to prosecute him was due to his inclusion in a particular class. The Supreme Court has held that prosecution decisions that are not based on some discriminatory classification do not violate equal protection. Oyler v. Boles, 368 U.S. 448, 456 (1962). Although this court has recognized that a completely arbitrary system of deciding whom to prosecute may violate due process, we concluded that in the absence of discriminatory motive and effect, such a violation has no judicial remedy. United States v. Redondo-Lemos, 955 F.2d 1296, 1300 (9th Cir.1992).
 
 
 4
 Moreover, Brooks has failed to show that the district attorney's decision was in fact arbitrary. The district attorney prosecuted Brooks because Brooks continued with his escape while being pursued by a corrections officer. See State v. Brooks, 103 Or.App. 477, 479, 798 P.2d 258 (1990), review denied, 311 Or. 187, 808 P.2d 91 (1991); 28 U.S.C. § 2254(d) (state court findings of fact presumed correct in federal habeas proceedings). Brooks points to no other inmates who were pursued while escaping but not prosecuted. This is not the "dart throw, coin toss or ... other arbitrary or capricious process" that this court recognized as unjust in Redondo-Lemos, 955 F.2d at 1299.
 
 
 5
 Finally, whether this scenario fits within the district attorney's guidelines for prosecuting an escape is not dispositive of the due process claim. In the absence of proof that the decision to prosecute was in fact arbitrary, the district attorney's alleged failure to follow the guidelines does not amount to a due process violation. See Engle v. Isaac, 456 U.S. 107, 121 & n. 21 (1982) (error of state law is not, in and of itself, a due process violation).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3